D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **ANAIZ ROMAN, on behalf of herself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **MANHATTAN FOOD & BEVERAGE, LTD. d/b/a REICHENBACH HALL, WILLY REICHENBACH and KEITH REICHENBACH,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

-------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Manhattan Food & Beverage, LTD. is a New York corporation that operates Reichenbach Hall ("Reichenbach" or "the restaurant"), located in midtown Manhattan.

4.      Reichenbach has an annual gross volume of sales in excess of $500,000.

5.      Reichenbach is owned and operated by Willy and Keith Reichenbach.

6.      Defendants Willy and Keith Reichenbach exercise sufficient control of Reichenbach's day to day operations to be considered Plaintiff's employers under the FLSA and New York law.

7.      Defendants Willy and Keith Reichenbach have the power to hire and fire the restaurant's employees.

8.      Defendants Willy and Keith Reichenbach control restaurant employees' rates of pay.

9.      To the extent that employment records are kept for employees, Defendants Willy and Keith Reichenbach are involved in maintaining those records.

10.     Plaintiff Roman was employed by Reichenbach as a server from approximately September 2015 until October 2016.

## FLSA COLLECTÌVE ACTION ALLEGATIONS

11.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service

managers, employed by Reichenbach on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

12.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Reichenbach's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Reichenbach.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Reichenbach.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Reichenbach on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from Reichenbach's records.  The hours assigned and worked, the positions held,

and the rates of pay for each Class member are also determinable from Reichenbach's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Reichenbach.  Notice can be provided by means permissible under said F.R.C.P. 23.

16.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Reichenbach, upon information and belief, there are more than sixty (60) members of the Class.

17.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Reichenbach, as alleged herein, of failing to pay all minimum wage, overtime, and call-in pay due misappropriating Class members' tips, and failing to provide Class members with required wage notices.  Reichenbach's corporate-wide policies and practices affected all Class members similarly, and Reichenbach benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Reichenbach.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Reichenbach and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Upon information and belief, Reichenbach and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims

because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c)   The policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

d)   Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

e)   Whether Defendants gave Plaintiff and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

f)   Whether Defendants required Plaintiff and the Class members to share gratuities with tip-ineligible employees.

g)   Whether Defendants illegally required Plaintiff and the Class to pay for walk-outs.

h)   Whether Defendants illegally required Plaintiff and the Class to pay for their uniforms.

## FACTS

22.     Plaintiff's consent to sue form is attached hereto as Exhibit A.

23.     Plaintiff worked for Defendants at Reichenbach as a runner/server.

24.     Plaintiff was paid for roughly 1200 regular hours and 15 overtime hours in 2016.

25.     Throughout her employment, Plaintiff was paid an hourly rate that was lower than the minimum wage.

26.     Plaintiff was in fact paid the "tip credit" minimum wage under the FLSA and NYLL.

27.     Defendants were not entitled to utilize the tip credits set forth under the FLSA and New York Labor Law, because (a) manager Anna Rusetskaya took portions of employees' tips for a portion of Plaintiffs' employment; (b) Defendants did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

28.     In or about April of 2016, Plaintiff complained to Donald Flores, a manager, that Anna Rusetskaya was stealing cash from the restaurant and that some of the cash included portions of the servers' tips.

29.     Defendants investigated and determined that Ms. Rusetskaya in fact stole cash from the restaurant.

30.      Defendants terminated Ms. Rusetskaya but never returned the missing tips to the service team.

31.     In addition, Defendants required Plaintiff to spend money on her own uniform, bringing her effective wages below even the tip-credit minimum wage.

32.     Defendants failed to give Plaintiff appropriate notices/statements required by N.Y. Lab. Law § 195.  For example, Defendants did not distribute to Plaintiff Notice and Acknowledgement of Pay forms.

33.     Defendants required waiters to pay out of their own pockets for walk-outs, *i.e.,* customers who left without paying their bills.

34.     Defendants committed the foregoing acts willfully and against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

35.     In October of 2016, Defendants terminated Plaintiff in retaliation for her complaint about illegal tip theft.

### FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.,***
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

36.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

38.     Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

39.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

40.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

42.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

43.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

44.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
### (Brought by Plaintiff on Behalf of Herself and the Class)

45.      Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.      Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

47.      Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

48.      Defendants' failure to pay Plaintiff and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

49.      As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

50.      Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.      It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

52.      Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

53.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

54.     Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55.     Reichenbach did not provide Plaintiff and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

56.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SIXTH CLAIM FOR RELIEF
**Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d**
**Brought by Plaintiff on Behalf of Herself and the Class**

57.     Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58.     Defendants retained gratuities paid by their customers and illegally required Class Members to share gratuities with managerial employees and non-service employees.

59.     Plaintiff, on behalf of herself and members of the Class, seeks damages in the amount of their respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### Illegal Deductions from Wages, N.Y. Lab. L. § 193
### (Brought by Plaintiff on Behalf of Herself and the Class)

60.     Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61.     Defendants took illegal deductions from Plaintiff's and the Class members' wage by requiring them to pay for their own uniforms and to pay for walk-outs.

62.     Plaintiff, on behalf of herself and members of the Class, seeks damages in the amount of their respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELEIF
### FLSA Retaliation, 29 U.S.C. § 215

63.     Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

64.     Defendants willfully and unlawfully retaliated against Plaintiff for her execution of protected activities, namely her complaint regarding tip distribution.

65.     In retaliating against Plaintiff, Defendant knowingly acted in deliberate disregard of Plaintiff's rights.

66.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELEIF
### NYLL Retaliation, N.Y. Lab. L. § 215

67.      Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

68.      Defendants willfully and unlawfully retaliated against Plaintiff for her execution of protected activities, namely her complaint regarding tip distribution.

69.      In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

70.      Defendants' conduct violated New York Labor Law § 215.

71.      As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.      An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D.      Designation of this action as a class action pursuant to F.R.C.P. 23.

E.     Designation of Plaintiff as Representative of the Class.

F.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.     Penalties available under applicable laws;

H.     Costs of action incurred herein, including expert fees;

I.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J.     Pre-judgment and post-judgment interest, as provided by law; and

K.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        January 5, 2017
                                    JOSEPH & KIRSCHENBAUM LLP

                                    By: _____
                                        D. Maimon Kirschenbaum
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 688-2548

                                    *Attorneys for Named Plaintiff, proposed*
                                    *FLSA Collective Plaintiffs, and proposed*
                                    *Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Reichenbach Hall** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Amaiz Romani
_____
Full Legal Name (Print)

_____
Signature

10/10/16
_____
Date